{¶ 1} I concur with the majority's analysis on the issue of attorney fees as it relates to fees attributable to the labor expended in the trial court. Despite the lack of a record, I would remand the issue to the trial court to determine the fees directly attributable to the appeal of the matter and to subtract from any award those fees due from the prosecution of the appeal. I would find it was an abuse of discretion for the trial court to award attorney fees for the appeal when this court had previously denied such a request.
 {¶ 1} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the court awarding attorney fees against appellant and in favor of appellee State Farm in the amount of $2030 incurred by Attorney Caborn is affirmed. The judgment of the court awarding appellee Kenyon College attorney fees expenses and costs in the amount of $9722.39 is affirmed.
 {¶ 2} The judgment of the court awarding attorney fees, expenses, and costs, in favor of appellee First Knox National Bank of Mount Vernon, appellees Crais and Scully, and appellee State Farm as to Attorney David Wenger, is vacated. Pursuant to App.R. 12(B) we hereby enter the judgment the court should have entered, and award attorney fees, expenses, and costs against appellant Jeffrey A. Oster and Thaila Oster, and their Attorney, Andrew J. Simon, in favor of appellee First Knox National Bank in the amount of $2787.50; to appellees Crais and Scully in the amount of $8770.34, and to appellee State Farm for expenses incurred by Attorney Wenger in the amount of $23,113.35. Costs to be split equally between the parties.